BOEDECKER, Respondent, v. FRANCIS, et al, Appellants.

(233 N. W. 279.)

(File No. 6655. Opinion filed December 5, 1930.)

*Buell F. Jones,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Appellants.

*M. Q. Sharpe* and *L. A. Bridgman,* both of Kennebec, for Respondent.

POLLEY, J. On the 1st day of March, 1920, Loren Francis acquired title to a certain tract of land in Lyman county. On the same day said Francis and wife executed and delivered to E. M. Sedgwick two separate mortgages on said tract of land, one for $4,500 and one for $6,200. On the 31st day of August, 1920, Francis and wife conveyed said tract of land to said Sedgwick by warranty deed. This deed recited that the conveyance was subject

to mortgages amounting to $10,700, which amount Sedgwick assumed and agreed to pay. Ten thousand seven hundred dollars was the amount of the two Francis mortgages. On the 23d day of February, 1922, Sedgwick and wife conveyed the land to Frank Webber by warranty deed. By recital in this deed the conveyance was made subject to mortgages amounting to $16,300. On this same date Sedgwick executed releases of both the $4,500 and $6,200 mortgages that had been executed by Francis and wife on the 1st day of March, 1920. These two releases apparently cleared the record of both these mortgages, but on the 9th day of April, 1921, Sedgwick had sold the $4,500 note to the plaintiff in this action and gave to plaintiff a written assignment of the mortgage given to secure said note; but which assignment plaintiff did not file for record until the 17th day of September, 1923.

In the deed conveying the mortgaged premises from Sedgwick and wife to the said Frank Webber, and which deed was placed of record on the 23rd day of February, 1922, is a recital to the effect that the conveyance was subject to mortgages of record aggregating $16,300. Finding of fact No. 13 made by the trial court is as follows:

"That at the time the Rural Credit Board took the mortgage under which it claims in this action, and before it had parted with any value thereunder, it procured an abstract of title to the land involved in its mortgage, and also procured opinion upon the title by Attorney John Sutherland of Pierre, South Dakota, and in such opinion, the said Attorney specified the said recital in the last mentioned deed, and advised the Rural Credit Board to require an explanation of the recital that the said land was subject to mortgages aggregating $16,300.00 now of record."

In negotiating the said $7,000 loan to the said Frank Webber, the Rural Credit Board employed the Presho State Bank to act for and represent it in carrying on the said negotiations and consummating the said loan. During all of the time from the 1st day of January, 1918, to the 24th day of February, 1924, the said E. M. Sedgwick was either president or cashier of the said Presho State Bank, and his wife, A. C. Sedgwick, was either vice president or cashier of the said bank.

After the Rural Credit Board had received the abstract of title to the mortgaged premises, and had been advised by its attor-

ney to require an explanation of the recital that the land was subject to mortgages aggregating $16,300, the board wrote to Sedgwick asking him to meet the requirements of its attorney relative to the recital in the Sedgwick deed to Webber to the effect that the conveyance is subject to mortgages amounting to $16,300. This led to a correspondence that lasted from the 27th day of March, 1922, to January 8, 1924. Numerous requests were made of Sedgwick for this explanation. In the numerous replies by Sedgwick no reference to the matter was made until on the 8th day of January, 1924, which was after plaintiff's assignment had been filed for record, he wrote as follows:

"I return herewith the abstract in the Frank Webber loan. At the time the opinions were attached all the mortgages did not show, but they do now, and I believe you will find it is all right now. I had a statement showing just how we figured at the time, but I cannot locate it. Webber had been renting this place on shares and in the settlement he was to assume this amount of the outstanding mortgages. If this does not check out all right I can make an affidavit to this effect and if you wish both Webber and I can sign it. Will you please advise me the amount of the insurance the application recites and I will get the policies to you with loss payable clause attached. I think we can make an affidavit that will be sufficient without the abstracts should you want the affidavit."

Whether the abstract had been so corrected as to show the assignment to plaintiff at or prior to the time of writing this letter does not appear from the record, and we fail to find in this letter or elsewhere in the record the explanation asked for by the Rural Credit Board, and upon this subject the trial court made the following finding of fact:

"That the said Rural Credit Board in consideration of the amount involved and the warning it had from the record and the opinion of the Attorney, did not exercise ordinary business prudence and diligence in closing of the said loan, nor in requiring an explanation of the recitals of which it had been warned, and in fact never did at any time secure the explanation of the said recital."

On the 17th day of September, 1923, plaintiff recorded his assignment of the Francis mortgage, and on the 10th day of September, 1924, commenced this action to foreclose the said mortgage.

Findings of fact, conclusions of law, and judgment were for plaintiff, and defendants appeal.

There also appears of record a certain purported satisfaction of the said mortgage, purporting to have been executed by plaintiff, but had in fact been forged by the said Sedgwick and filed for record by him without the knowledge or authority of plaintiff. This instrument was filed for record on the 11th day of December, 1923. On the 29th day of March, 1922, the said Frank Webber executed a mortgage in favor of the state of South Dakota as security for the payment of a rural credit loan for the sum of $7,000. This mortgage was not recorded until some time during the month of August, 1923.

In their answer defendants allege that the said E. M. Sedgwick was the agent for plaintiff in Lyman county with authority to negotiate real estate loans, and with authority to purchase and assign mortgages upon real estate, and with authority to receive collections upon mortgages held and owned by plaintiff, and that when the said Sedgwick filed the satisfaction of the $4,500 mortgage on the 23d day of February, 1922, he was acting as the agent for plaintiff and that plaintiff is bound thereby. But this defense is not supported by any evidence or finding in the record and will be given no further consideration.

As a further defense and the defense really relied on, defendant Rural Credit Board contends that plaintiff having failed to record his assignment, and Sedgwick, the mortgagee and apparent owner of the mortgage, having filed a release thereof, the board was justified in relying upon the record; that it did rely upon the record and parted with its money in good faith; and that its mortgege is superior to the mortgage owned by plaintiff. This would be true if the board did in fact part with its money in good faith, but plaintiff contends that because of the disparity between the amount of the outstanding mortgages shown by the record and the recital in the Webber deed, defendants were put upon inquiry that if prosecuted with diligence would have disclosed the fact that plaintiff's mortgage was still a lien on the property and that therefore the appellant did not act in good faith and is not entitled to the benefit of the recording statutes. Plaintiff further contends that State Bank of Presho, through the knowledge of its president and cashier, knew that plaintiff's mortgage had never been

paid, and such bank being the agent of the Rural Credit Board, its knowledge is imputed to the board and the board is charged with knowledge at the time it parted with its money; that plaintiff's mortgage was still unpaid; and that for that reason defendants are not entitled to the protection of the recording statutes. In view of what we said in Green v. Schmitt et al., 230 N. W. 233, 240, this latter contention is fatal to the Rural Credit Board's case.

In Green v. Schmitt et al., the Reliance Bank was acting as the agent for the Rural Credit Board with identically the same authority and for the same purpose that the Presho Bank was acting in this case. In that case the bank was acting as the agent for both the Rural Credit Board and Green, the mortgagee, while in this case the bank was the agent for the Rural Credit Board only. In that case we said:

"If the rural credit board or its agent, Reliance Savings Bank, was chargeable with knowledge that the satisfaction of the Green mortgage had been procured without causing payment to be made to Green or to his agent, Reliance Savings Bank, then, so far as appellant state of South Dakota is concerned, respondent Green is entitled to have the satisfaction canceled and his mortgage reinstated."

In this case the Rural Credit Board, through its agent, Presho State Bank, is charged with knowledge that the satisfaction of plaintiff's mortgage had been recorded without plaintiff's knowledge or authority and that the mortgage had not in fact been paid, and plaintiff is entitled to have such satisfaction canceled and his mortgage foreclosed as prayed for in his complaint.

There is a wide divergence of opinion among the courts as to whether a principal is chargeable with knowledge of his agent that was acquired before the inception of the agency, but quoting from 31 Cyc. 1593:

"The more logical rule, however, and that which is supported by the great weight of recent authority, is that knowledge of an agent acquired prior to the existence of the agency will be chargeable to the principal if it be clearly shown that the agent, while acting for the principal in a transaction to which the information is material, has the information present in his mind, and if the information was not obtained under such circumstances as to make it the legal duty of the agent not to divulge it to the principal."

In this case there can be no question that the agent, the Presho State Bank, through Sedgwick, its managing officer, had the information relative to the Boedecker mortgage in his mind during the time the bank was acting as agent for the Rural Credit Board in closing up the Webber loan. This fact is shown beyond any doubt by the several releases of that mortgage prepared and executed by Sedgwick; and under the circumstances existing at the time of the agency it was the duty of Sedgwick to impart such information to the Rural Credit Board.

The judgment appealed from is affirmed.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur.

CAMPBELL, J., concurs in the affirmance.